# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BERNARD MCWAY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1541 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 5, 6, 7 |
| | : | | |
| RAY LAHOOD, in his official capacity as Secretary of Transportation, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING WITHOUT PREJUDICE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING THE PLAINTIFF'S MOTION FOR DISCOVERY; DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S EXHIBITS

## I. INTRODUCTION

This matter comes before the court on the defendant's motion for summary judgment and the plaintiff's motions for discovery and to strike the defendant's exhibits. The plaintiff is an African-American employee of the Federal Motor Carrier Safety Administration ("FMCSA") in the Department of Transportation. He alleges that the defendant discriminated against him based on his race and retaliated against him when he complained about the discrimination.

Before discovery in this case began, the defendant filed the instant motion for summary judgment. The plaintiff opposes the motion and, in the alternative, asks the court to defer ruling on the motion until he has had an opportunity to obtain discovery. Because summary judgment is ordinarily inappropriate before discovery is complete, and because the court concludes in this case that the plaintiff is entitled to obtain discovery before being required to respond to the defendant's motion for summary judgment, the court denies without prejudice the defendant's motion and grants the plaintiff's motion for discovery. As a consequence, the court denies as

moot the plaintiff's motion to strike the exhibits filed in support of the defendant's motion for summary judgment.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff has been employed by the FMCSA since early 2001. Compl. ¶¶ 3, 6. He alleges the following facts in his complaint: in October 2005, he was promoted to the position of Division Program Specialist in the Washington, D.C. division of the FMCSA, earning a GS-13 salary. *Id.* ¶ 6. In October 2006, the plaintiff applied for the position of Supervisory Highway Safety Specialist in the Eastern Service Center of the FMCSA, a GS-14/15 position. *Id.* ¶ 9. In December 2006, the plaintiff voiced his opposition to what he perceived to be "ongoing racism and a hostile work environment." *Id.* ¶ 11. The defendant chose not to hire the plaintiff to fill the Supervisory Highway Safety Specialist position, selecting a Caucasian male instead. *Id.* ¶ 18. Between February 2007 and December 2007, the defendant committed several acts of retaliation against the plaintiff because he had complained about workplace discrimination, including reassigning some of the plaintiff's job responsibilities and giving the plaintiff lower performance ratings than those the plaintiff had received prior to engaging in protected activity. *Id.* ¶¶ 19-22.

The plaintiff commenced this action on August 14, 2009. *See generally* Compl. At an initial status hearing held on December 17, 2009, the court ordered that discovery close on October 28, 2010 and that summary judgment motions be filed on or before December 28, 2010. *See* Minute Entry (Dec. 17, 2009). That same day, however – before discovery had begun – the defendant filed this motion for summary judgment. *See generally* Def.'s Mot. for Summ. J. The

plaintiff filed an opposition to the defendant's motion, *see generally* Pl.'s Opp'n, along with a motion for discovery under Federal Rule of Civil Procedure 56(f), *see generally* Pl.'s Discovery Mot., and a motion to strike all but two of the exhibits filed in support of the defendant's summary judgment motion, *see generally* Pl.'s Mot. to Strike. As the aforementioned motions are now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make

a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

Finally, the D.C. Circuit has directed that because it is difficult for a plaintiff to establish proof of discrimination, the court should view summary-judgment motions in such cases with special caution. *See Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 879-80 (D.C. Cir. 1997), overturned on other grounds, 156 F.3d 1284 (D.C. Cir. 1998) (en banc); *see also Johnson v. Digital Equip. Corp.*, 836 F. Supp. 14, 18 (D.D.C. 1993).

### B. Legal Standard for Discovery Under Rule 56(f)

Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, (D.C. Cir. 1981). "[T]he purpose of Rule 56(f) is to

4

prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Whether the circumstances warrant a continuance to permit discovery is a decision that falls within the discretion of the district court. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002)

A non-moving party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); *see also Hotel & Rest. Employees Union, Local 25 v. Attorney Gen.*, 804 F.2d 1256, 1269 (D.C. Cir. 1986) (noting that this affidavit requirement helps "prevent fishing expeditions"), *vacated on other grounds*, 808 F.2d 847 (D.C. Cir. 1987). The non-moving party bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). The non-moving party must show a reasonable basis to suggest that discovery would reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999). "It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." *Byrd*, 174 F.3d at 248 n.8 (internal citations omitted); *see also Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative").

## C. The Court Denies Without Prejudice the Defendant's Motion for Summary Judgment and Grants the Plaintiff's Motion for Summary Judgment

The defendant asserts that it is entitled to summary judgment because it had legitimate, nondiscriminatory reasons for choosing not to hire the plaintiff for the Supervisory Highway Safety Specialist position and engaging in the allegedly retaliatory conduct. Def.'s Mot. for Summ. J. at 11-21. The defendant contends that the undisputed facts demonstrate that the plaintiff "cannot establish that discrimination or retaliation was a motivating factor, much less that it was the sole motivating factor in the challenged decisions at issue here." *Id.* at 11.

The plaintiff responds that he is unable to "respond fully to Defendant's motion because the facts at issue are largely in the possession of the Defendant." Pl.'s Discovery Mot. at 1. More specifically, the plaintiff asserts that before responding to the defendant's motion with respect to his failure to hire claim, he would like to depose the three members of the panel that made the decision not to hire him and obtain the panel members' interview notes and ratings. *Id.* at 2-3. As for the plaintiff's claim of retaliation, the plaintiff seeks written discovery concerning the changes made to the plaintiff's job responsibilities and his lowered performance review. *Id.* at 3. Finally, the plaintiff seeks statistical information and other discovery concerning his allegation of agency-wide discrimination at the FMCSA. *Id.* at 3-5.[1] Accordingly, the plaintiff asks that the court either deny the defendant's summary judgment motion or hold the motion in abeyance until discovery has closed. *Id.* at 6.

---

[1] As required by Rule 56(f), the plaintiff has attached an affidavit articulating the reasons why he is unable to obtain this material prior to discovery. *See Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983).

In response, the defendant reiterates that the plaintiff has failed to demonstrate that discovery would yield any material information concerning the plaintiff's claims. Def.'s Opp'n to Pl.'s Discovery Mot. at 6-10; Def.'s Reply in Support of Def.'s Mot. for Summ. J. at 5-9. The defendant adds that "this case . . . had extensive discovery at the administrative level." *Id.* at 5.

As the Supreme Court and this Circuit have repeatedly held, summary judgment is ordinarily appropriate only after the plaintiff has been given an adequate opportunity to conduct discovery. *See, e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997). "This is so even if a plaintiff has had an opportunity to collect evidence through the EEO administrative process." *Richardson v. Gutierrez*, 477 F. Supp. 2d 22, 30 (D.D.C. 2007) (citing *Wiggins v. Powell*, 2005 WL 555417, at *24 (D.D.C. Mar. 27, 2005)). In this case, the plaintiff states that he needs discovery to rebut the asserted legitimate, nondiscriminatory reasons that the defendant proffers for its allegedly discriminatory conduct. *See generally* Pl.'s Discovery Mot. The court agrees that the plaintiff is entitled to conduct discovery before being required to oppose the defendant's motion for summary judgment.[2] *See Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (noting favorably that another Circuit has opined that "Rule 56(f) motions should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence'" (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)); *Farris v. Rice*, 2007 WL 1697083, at *4 (D.D.C. June 12, 2007) (denying

---

2    The court does not hold that the plaintiff will be entitled to all of the discovery that he seeks, only that the plaintiff is entitled to seek discovery to which he is entitled pursuant to the Federal Rules of Civil Procedure before being required to respond to the defendant's motion for summary judgment.

the defendant's motion for summary judgment because, although many of the plaintiff's claims were "borne from speculation and [were], therefore, an inappropriate consideration for the court in assessing whether the plaintiff [had] demonstrated a need for discovery . . . the plaintiff also point[ed] to evidence which loosely suggest[ed] discrimination and which, for the time being, provide[d] a sufficient modicum for an inference of discrimination"); *Chappell-Johnson v. Powell*, 440 F.3d 484, 488-90 (D.C. Cir. 2006) (holding that the plaintiff was entitled to discovery pursuant to Rule 56(f)); *accord Perry v. Clinton*, 674 F. Supp. 2d 110, 120 (D.D.C. 2009); *Scott v. Office of Alexander*, 522 F. Supp. 2d 262, 273 (D.D.C. 2007); *Williams v. Fed. Nat'l Mortgage Ass'n*, 2006 WL 1774252, at * 12 (D.D.C. June 26, 2006).

## IV. CONCLUSION

For the foregoing reasons, the court denies without prejudice the defendant's motion for summary judgment and grants the plaintiff's motion for discovery.[3] An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of August, 2010.

RICARDO M. URBINA
United States District Judge

---

[3] As a result, the court denies as moot the plaintiff's motion to strike the defendant's exhibits.